## IN THE UNITED STATES DISTRICT COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ANDREW WILLIAM PANKOTAI, | : | No. 4:16-CV-00004 |
| | : | |
| Plaintiff, | : | (Judge Brann) |
| | : | |
| v. | : | (Magistrate Judge Saporito) |
| | : | |
| NORTHUMBERLAND COUNTY | : | |
| COURTHOUSE, *et al.*, | : | |
| | : | |
| Defendants. | : | |

## ORDER

### JULY 31, 2017

Before the Court for disposition is a Report and Recommendation filed by

Magistrate Judge Joseph F. Saporito, Jr. on June 14, 2017.[1]  In this Report,

Magistrate Judge Saporito recommended that (1) Defendants William Cole,

Northumberland County Courthouse, William Harvey Wiest, and Kathleen Anne

Lincoln's Motions to Dismiss be granted pursuant to Federal Rules of Civil

Procedure 12(b)(1) and 12(b)(6), and (2) the Clerk be directed to close this case.[2]

On June 23, 2017, Plaintiff Andrew William Pankotai filed what this Court will

loosely construe as objections.[3]

---

[1] ECF No. 28.

[2] *Id.*

[3] *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244 (3d Cir. 2013)(recognizing that courts must be flexible when construing *pro se* pleadings).

Upon designation, a magistrate judge may "conduct hearings, including evidentiary hearings, and . . . submit to a judge of the court proposed findings of fact and recommendations."[4]  Once filed, this Report and Recommendation is disseminated to the parties in the case who then have the opportunity to file written objections.[5]  Where no objection is made to a report and recommendation, the court should, as a matter of good practice, "satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."[6]  Nevertheless, whether timely objections are made or not, the district court may accept, reject or modify, in whole or in part, the findings or recommendations made by the magistrate judge.[7]

Following *de novo* review of the record, I am satisfied that the Report and Recommendation is sound in its legal reasoning and conclusions.  Furthermore, despite Plaintiff having filed what the Court liberally construes as objections, I note that said Objections are unavailing in light of (1) the lack of a cognizable claim against Northumberland County Courthouse under 42 U.S.C. § 1983;[8] (2) the

---

[4]  28 U.S.C. 636(b)(1)(B).

[5]  28 U.S.C. 636(b)(1).

[6]  *Rieder v. Apfel,* 115 F.Supp.2d 496, 499 (M.D.Pa. 2000) (citing *United States v. Raddatz,* 447 U.S. 667, 676 (1980)).

[7]  28 U.S.C. § 636(b)(1); Local Rule 72.31.

[8]  *See, e.g., Elansari v. United States,* Civil Action No. 15-CV-01461, 2016 WL 4415012, at * 5 n. 9 (M.D.Pa. July 11, 2016), *adopted by,* 2016 WL 4386145 (M.D.Pa. Aug. 17, 2016)(Mannion, J.).

immunity afforded to the Northumberland County Court of Common Pleas and Judge William Harvey Wiest in his official capacity under the Eleventh Amendment;[9] (3) Plaintiff's failure to state a claim for municipal liability under *Monell v. Dept. of Social Services*[10] because the alleged misconduct was under state law;[11] (4) the immunity afforded to Judge Wiest against suit in his personal capacity pursuant to judicial immunity;[12] (5) the protection afforded to District Attorney William Cole pursuant to prosecutorial immunity;[13] and (6) the lack of a cognizable claim against court appointed counsel Kathleen Anne Lincoln under 42 U.S.C. § 1983.[14]

Furthermore, I am in agreement that all of Plaintiff's claims, undeniably implicating the validity of his conviction, are barred by the favorable termination rule of *Heck v. Humphrey*.[15] Foreclosed by the application of multiple legal

---

[9] *See Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 240 (3d Cir. 2005).

[10] 436 U.S. 658 (1978).

[11] *See Bolick v. Ne. Indus. Servs. Corp.*, Civil Action No. 14-CV-0409, 2015 WL 540066, at *10 (M.D.Pa. Feb. 10, 2015)(Brann, J.).

[12] *See Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)("A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts.")(citing *Mireles v. Waco,* 502 U.S. 9, 12 (1991)).

[13] *Kulwicki v. Dawson*, 969 F.2d 1454, 1463–64 (3d Cir. 1992).

[14] *See Gannaway v. PrimeCare Medical, Inc.*, 652 F.App'x. 91, 95 (3d Cir. 2016)(finding that court-appointed attorneys who represented prisoner in criminal proceedings were not "state actors" subject to liability under Section 1983); *Walker v. Pennsylvania*, 580 F. App'x. 75, 78 (3d Cir. 2014)(noting that public defenders and court appointed attorneys acting within the scope of their duties are absolutely immune from liability under Section 1983).

[15] In *Heck v. Humphrey*, the United States Supreme Court held that "in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

doctrines, I am in agreement with Magistrate Judge Saporito's conclusion that Plaintiff's Complaint should be dismissed in its entirety and any further amendment would be futile.

**AND NOW**, therefore, **IT IS HEREBY ORDERED** that:

1. Magistrate Judge Joseph F. Saporito, Jr.'s Report and Recommendation (ECF No. 28) is **ADOPTED IN ITS ENTIRETY**;

2. Defendant William Cole's Motion to Dismiss (ECF No. 10) is **GRANTED**; Defendant Northumberland County Courthouse's Motion to Dismiss (ECF No. 12) is **GRANTED**; Defendant William Harvey Wiest's Motion is Dismiss (ECF No. 15) is **GRANTED**; and Defendant Kathleen Anne Lincoln's Motion is Dismiss (ECF No. 21) is **GRANTED**; and

3. The Clerk of Courts is directed to close this case.

BY THE COURT:

_s/ Matthew W. Brann_

Matthew W. Brann
United States District Judge

---

whose unlawfulness would render a conviction or sentence invalid, a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus." 512 U.S. 477, 486–87 (1994).